**UNITED STATES of America, Plaintiff,**

v.

**Phillip FUNG and Li Jin Chen, Defendants.**

**No. CR 91–0699.**

United States District Court, E.D. New York.

Jan. 7, 1992.

Andrew Weissman, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for plaintiff.

Thomas F. Liotti, Liotti & Skelos, Garden City, N.Y., Thomas J. Farrell, Federal Defender Services Unit, Legal Aid Soc., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Defendant Phillip Fung, a mail carrier for the United States Postal Service, and his wife, Li Jin Chen, have been indicted for theft of United States mail and conspiracy to use unauthorized credit cards. Each moves to suppress statements made to postal inspectors.

■ There is no merit to Mr. Fung's contention that he was under arrest when postal inspectors who had him under surveillance asked him to accompany them to the post office so they could talk to him. Although Mr. Fung made the statements before the inspectors gave him *Miranda* warnings, neither he nor any reasonable person would have believed that he was in custody. There was no show of force. He accompanied the postal inspectors voluntarily, with freedom to leave them at any time. Suppression of uncoerced statements under such circumstances is not warranted. *See, e.g., United States v. Kirsteins*, 906 F.2d 919, 923 (2d Cir.1990) (error to suppress statements for failure to give *Miranda* warnings where circumstances of interview with Justice Department officials did not suggest to a reasonable person that defendant was in custody).

Ms. Chen's statements must be suppressed for two reasons. First, because she was not properly advised of her right to remain silent after her arrest, and second, because she was questioned even though she had an attorney.

■ Ms. Chen was arrested pursuant to a warrant prior to indictment. In the automobile taking her to the post office for processing, she was handed a card containing *Miranda* warnings in Chinese and asked to read the card aloud. The only agent present who spoke Chinese was driving. Based on the evidence at the suppression hearing—including Ms. Chen's poor language skills, her lack of knowledge of the American legal system, and her tensions—it is clear that she did not comprehend her fifth amendment right to remain silent. "[T]he totality of the circumstances surrounding the interrogation" did not "reveal both an uncoerced choice and the requisite level of comprehension...." *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct.

1135, 1140, 89 L.Ed.2d 410 (1986) (quotation omitted).

The sixth amendment right to counsel was also violated by the questioning of Ms. Chen. Some weeks before her arrest Ms. Chen was subpoenaed to give handwriting exemplars to the grand jury. Richard Kwasnik, Esq., was appointed by the court to be her counsel. In filling out the necessary form, the Magistrate Judge's secretary checked a box indicating that Ms. Chen was a "jury witness." The secretary also typed "for all purposes" in another box on the appointment form.

Ms. Chen was represented by Mr. Kwasnik when she was arrested and she gave her statement. The practice is for counsel appointed for all purposes to remain responsible for the client until he or she is relieved. *Cf.* 18 U.S.C. § 3006A(c) (1985) ("represented at every stage" after initial appearance before Magistrate Judge). Where a person becomes a target of an investigation and then a defendant, the client-attorney relationship "for all purposes" continues. Mr. Kwasnik testified that he assumed that he would continue to represent Ms. Chen if she were later indicted. In fact, the Clerk's Office follows the practice of notifying previously appointed CJA counsel when an indictment is handed down.

Both the postal inspectors and the United States Attorney should have been aware of the existing attorney-client relationship since it was a matter of public record. Whether they were in fact unaware is, however, not decisive. *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 2101, 100 L.Ed.2d 704 (1988) ("an officer who proposes to initiate an interrogation [must] determine whether the suspect has previously requested counsel"). Appointment of counsel to serve generally was the equivalent of a prior request by her for counsel, mandating discontinuance of any interrogation under *Miranda.* Ms. Chen should not have been questioned without her counsel's having been informed unless, with a clear understanding on her part of her right to continued representation and to silence, she deliberately decided to talk

without informing him. "[W]hen the process shifts from investigatory to accusatory ... the accused must be permitted to consult with his lawyer...." *Escobedo v. Illinois,* 378 U.S. 478, 492, 84 S.Ct. 1758, 1766, 12 L.Ed.2d 977 (1964). *See* Pamela Karlan, Discrete and Relational Criminal Representation: The Changing Vision of the Right to Counsel, 105 Harv.L.Rev. 670, 697–703, 724 (1992) (questioning reluctance to prohibit investigative contact with already-represented individual). *But cf. Moran v. Burbine,* 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) (failure to inform defendant that his sister had engaged an attorney on defendant's behalf did not bar questioning in absence of counsel).

There are times when a client wants to conceal from her attorney that she is talking to the authorities. She is entitled to do so. This was not such an occasion.

The motion of Ms. Chen to suppress is granted. The motion of Mr. Fung to suppress is denied.

SO ORDERED.